UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN STERLING,

    Plaintiff,

vs.                                  CIVIL NO.: O4-CV-72288-DT

COMMISSIONER OF              HON. GEORGE CARAM STEEH
SOCIAL SECURITY,

    Defendant,

_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION;
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT;
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND;
DISMISSING PLAINTIFF'S CLAIMS

This matter is before the court on the parties' cross-motions for summary judgment as to plaintiff Calvin Sterling's claim for judicial review of plaintiff's May 24, 2001 application for disability benefits. The matter was referred to Magistrate Judge Wallace Capel, Jr., who issued a 17-page Report and Recommendation on September 26, 2005 recommending that defendant's motion for summary judgment be granted, that plaintiff's motion for summary judgment be denied, and that judgment enter in favor of defendant Commissioner. Plaintiff filed timely objections on October 11, 2005. See 28 U.S.C. § 636(b)(1); E.D. Mich. L.R. 72.1(d)(2).

 I. Background

    Plaintiff filed for Disability Insurance Benefits on May 24, 2001, alleging January

1

11, 2001, as the onset date of his disability.  Tr. at 18.  The claim was denied by the Disability Determination Service on August 29, 2000.  Tr. at 18.  Thereafter Plaintiff filed a timely request for hearing before an Administrative Law Judge (ALJ). Tr. at 18.  A hearing was held on June 16, 2003 before ALJ Douglas N. Jones.  Plaintiff's application for disability benefits was again denied in a September 12, 2003 nine-page decision issued by the ALJ.  Tr. at 18-26.

The ALJ considered whether the Plaintiff was "entitled to a period of disability and Disability Insurance Benefits under Sections 216(i) and 223 of the Social Security Act (42 U.S.C. § 416(i) and §423)."[1]  Tr. at 18.  The ALJ found that Plaintiff suffered from "impairments best described as: coronary artery disease, status post angioplasty and stent placement (1997, 1998); hypertension with a history hypertensive nephrosclerosis and hypertensive encephalopathy; diabetes mellitus, asthma, obesity; seizure disorder; major depression; anxiety disorder; and alcohol abuse (in recent remission)."  Tr. at 21.  Although the ALJ found the Plaintiff's impairments to be severe, he did not find the impairments either alone or in combination to meet or equal in severity any of the Listed Impairments found in 20 C.F.R. Section 404, Subpart P, Appendix 1, of Regulation No. 4.  Tr. at 23, 25.  However, the ALJ did find that Plaintiff was unable to perform his past relevant work.  Tr. at 23, 25.  The ALJ also found Plaintiff's claims not fully credible and not supported by medical evidence.  Tr. at 23, 25.  Because the Plaintiff demonstrated that due to his impairments, he could no longer

---

[1]"The specific issue is whether he is under a disability, which is defined as the inability to engage in any substantial activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months."  Tr. at 18.

perform his past relevant work, the burden shifted to the Social Security Administration to show that other jobs exist in substantial numbers in the national economy that the plaintiff can perform. Tr. at 24. The ALJ must consider the Plaintiff's age, education, work experience, and residual functional capacity ("RFC"). Tr. at 23-24. In his findings, the ALJ stated that the Plaintiff had:

> the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567 that permits the opportunity to alternate between sitting and standing at 30-minute intervals, permits two bathroom breaks each day in addition to other scheduled breaks, and involves no climbing of ladders, only occasional climbing of stairs, occasional exposure to unprotected heights or hazardous machinery, no detailed instructions, no extended periods of concentration, no fast-paced work, only occasional interaction with the general public, and only occasional changes in work setting or procedures.

Tr. at 25. At the hearing, a Melody Henry, a Vocational Expert ("VE"), determined that a person of plaintiff's age, experience, education, and RFC could perform a significant number of jobs in the national economy. Tr. at 24. Because Plaintiff was found "capable of making a successful vocational adjustment to work that exists in substantial numbers in the national economy," a finding of "not-disabled" was entered. Tr. at 24. The Appeals Council denied Plaintiff's request for review on May 4, 2005.

In his September 26, 2005 Report and Recommendation, the magistrate judge found that the ALJ's determination of the number of bathroom breaks to include in the hypothetical posed to the VE was supported by substantial evidence. The magistrate judge noted Plaintiff's medical record which reflected that Plaintiff's chronic renal failure was noted as resolved in June 2001 and improved in September 2002. Furthermore, the magistrate judge found Plaintiff had mischaracterized the VE's assessment of the extent to which frequent bathroom breaks would inhibit future employment; when

3

questioned by the plaintiff's attorney regarding permissible frequency of bathroom breaks, the VE stated that one could maintain employment so long as bathroom breaks did not exceed more than ten minutes each hour.  For the above-mentioned reasons, the magistrate judge found that substantial evidence supported the limitation regarding bathroom breaks given in the ALJ's hypothetical.

The magistrate judge also addressed whether substantial evidence supported the ALJ's limitation in the hypothetical regarding Plaintiff's concentration, persistence and pace.  Contrary to Plaintiff's argument that the hypothetical posed by the VE failed to contain limitations regarding Plaintiff's difficulty with concentration, persistence, and pace due to Plaintiff's alleged depression and anxiety, the court agrees with the magistrate's finding that the limitation given was supported by substantial evidence.  Specifically, as the magistrate judge noted, the treatment notes of Plaintiff's treating physician reflect that in 2001 and 2002, there was no depression.  Furthermore, the magistrate judge noted that a limitation was given regarding Plaintiff's anxiety, depression, and difficulty with concentration, persistence and pace.

Another issue addressed by the magistrate judge's report and recommendation is Plaintiff's claimed need to lie down due to swelling in his lower extremities.  In response to this claim, the magistrate judge found that plaintiff raised this issue in only a perfunctory manner without developing argument.  Therefore it was determined that Plaintiff waived the argument regarding a need to lie down.  In addition, the magistrate judge also found that throughout 2001, 2002, and 2003, Plaintiff's edema was stable.

**II. Objections**

Plaintiff doesn't enumerate objections, but generally disputes the magistrate

judge's determination that substantial evidence existed to support the ALJ's determination of limitations to include his assessment of the Plaintiff's residual capacity. Specifically, Plaintiff contends that the magistrate judge erred in finding that substantial evidence supported the ALJ's exclusion of Plaintiff's alleged mental limitations, need for sleep, and need for frequent bathroom breaks when determining Plaintiff's RFC.

## II. Standard of Review

An individual may obtain review of any final decision made by the Commissioner of Social Security, after a hearing, by filing an action in federal district court. See 42 U.S.C. § 405(g). The court may affirm, modify, or reverse the Commissioner's decision, with or without remand. Id. Findings of fact by the Commissioner are conclusive if supported by substantial evidence. Id. The Court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If substantial evidence supports the ALJ's decision, the court must affirm and "may not even inquire whether the record could support a decision the other way." Smith v. Secretary of Heath and Human Servs., 893 F.2d 106, 108 (6th Cir. 1989).

A district court judge may designate a magistrate judge to hear and determine motions for summary judgement, setting forth proposed findings of fact and conclusions of law in a written report and recommendation. See 28 U.S.C. § 636(b)(1) (B-C).

Within ten days of service of the magistrate judge's report and recommendation, any party may file written objections to the magistrate's proposed findings and recommendations.  See 28 U.S.C. § 636(b)(1)(C).  "A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made."  Id.  "A judge of the court may accept, reject, or modify in whole or in part the findings or recommendations made by the magistrate."  See U.S.C. § 636(b)(1)(C).

**III. Analysis**

### A.  Improper Hypothetical

Plaintiff contends that the magistrate judge erred by concluding that substantial evidence supported the limitations contained in the ALJ's hypothetical question. Specifically, plaintiff contends that the ALJ erred by failing to include Plaintiff's alleged need for frequent bathroom breaks, difficulty with concentration, persistence and pace, and his need to lie down during the work day.[2]

The hypothetical question posed to a VE need not encompass every malady alleged by the plaintiff at the hearing.  "Since the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference."  Casey v. Secretary of Health and Human Servs, 987 F.2d 1230, 1234 (6th Cir. 1993) (quoting Hardaway v. Secretary of Health and Human Servs, 823 F.2d 922, 928 (6th Cir. 1987)).  When posing a hypothetical question to a vocational expert, the ALJ "is required to incorporate only

---

[2] Plaintiff's Objections at pages 11-12.

6

those limitations accepted as credible by the finder of fact." Id. at 1235.  In his findings the ALJ stated that he did not find plaintiff's testimony to be fully credible.  Tr. at 22, 25.  Furthermore,"an ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals."  Stanley v. Secretary of Health & Human Servs., 39 F.3d 115, 118-19 (6th Cir. 1994) (citation omitted).

**1. Need for Frequent Bathroom Breaks**

Before the ALJ, Plaintiff testified that he needed to use the bathroom two or three times an hour.  Tr. at 586.  For this reason the ALJ included in his hypothetical question a requirement that the job in question would allow two additional bathroom breaks outside of a typical coffee and lunch break.  Tr. at 598.  In addition, the VE testified that a person would be able to maintain employment so long as bathroom breaks do not exceed ten minutes per hour.  (Tr. 599).

The objective medical evidence in the record does not support Plaintiff's claim that the limitation in the hypothetical regarding a need for frequent bathroom breaks was insufficient.  Dr. Jagdish Mirchandani, M.D. evaluated Plaintiff's renal failure in February, 2001.  Tr. at 314-315, 317.  Dr Mirchandani diagnosed Plaintiff with "acute renal failure, which is resolving," as well as "chronic renal failure most likely due to hypertensive nephrosclerosis."  Tr. at 315.  The ALJ noted in his decision that the record indicated that Plaintiff's chronic renal failure was noted as resolved in June 2001, and improved in September 2002.  Tr. at 21, 559, 563.  The record also reflects that on one occasion in March of 2001 Plaintiff complained of nocturia, Tr. at 313, but in May of 2001 the record notes that Plaintiff did not complain of any urinary problems to Dr. Mirchandani.  Tr. at 312.

The magistrate judge was correct in finding that the hypothetical given by the ALJ included an accurate summation of Plaintiff's limitations in regard to a need for frequent bathroom breaks.  Objective medical evidence does not support Plaintiff's claim as to the frequency he claims he must use the bathroom.  Because the record demonstrates that the ALJ did not find the Plaintiff's testimony fully credible, and furthermore because objective medical evidence did not support his allegation, the finding of ALJ is supported by substantial evidence.  The Court finds no error.

**2.  Difficulty with Concentration, Persistence, and Pace**

Plaintiff also claims that the magistrate judge erred by finding that substantial evidence supported the limitation in the ALJ's hypothetical question regarding the Plaintiff's mental abilities.  Plaintiff claims that the ALJ failed to include a limitation in his hypothetical question that reflected Plaintiff's difficulties with concentration, persistence, and pace.  The ALJ included the following limitation:

> [N]o detailed instructions and no extended periods of concentration.  By extended periods, I mean no more than 10 minutes would be required to actively to -- for acts if mental processing of a task.  But there could be many tasks to do during the day.  And no fast paced work or what I guess would be best decide -- unusually fast paced work such as work that might involve keeping up with an assembly line or that was based entirely on a production quotas that were meant to be challenging and fast as opposed to the idea that it would be nice if you could finish acts during the course of the workday.  And that involved only occasional interaction with the general public and occasional changes in setting or procedure.

Tr. 596.

Based on objective medical evidence, the ALJ found that Plaintiff "has 'mild' restrictions in his activities of daily living, and 'mild' restrictions maintaining social functioning."  Tr. 22.  The ALJ also found that Plaintiff's "ability to maintain

8

concentration, persistence, and pace is 'moderately limited.'" Tr. 22. These conclusions are based on the report of Dr. Kriauciuanas, M.D. Tr. 351-369. The ALJ incorporated into his hypothetical limitations consistent with objective medical evidence found in the record. The limitation in the hypothetical regarding concentration, persistence and pace was an accurate summation of plaintiff's mental abilities supported by substantial record evidence, therefore there is no error.

## C. Need to Lie Down

Plaintiff claims that it was error to fail to include in the hypothetical a limitation regarding his alleged need to lie down. Plaintiff gave the following statement of the issue in his motion for summary judgment:

> Did the ALJ commit prejudicial legal error in relying upon an inadequate hypothetical question to the vocational expert that failed to take into consideration Mr. Sterling's need for bathroom breaks, difficulties in concentration, persistence and pace and need to lie down?[3]

Plaintiff also states in conclusory terms that "[t]he ALJ should have considered the questions to the vocational expert that better reflected Mr. Sterling's mental limitations, need for sleep, and need for bathroom breaks."[4] Plaintiff fails, however, to develop any argumentation regarding his need for sleep or a need to lie down in his motion for summary judgment. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . .

---

[3] Plaintiff's Motion for Summary Judgment and Brief (hereinafter Plaintiff's Brief) filed April 15, 2005, at page 4

[4] Plaintiff's Brief at page 12.

9

put flesh on its bones." McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997) (citations omitted). In his Motion for Summary Judgment, Plaintiff failed to offer any argument in support of his claim that the ALJ erred by failing to include in his hypothetical a limitation regarding Plaintiff's alleged need to lie down. For the above mentioned reasons that issue is deemed waived; there is no error.

## IV.  Conclusion

For the Reasons set forth herein, the Magistrate Judge's Report and Recommendation is hereby ACCEPTED. Defendant's motion for summary judgment is hereby GRANTED, and Plaintiff's motion for summary judgment is hereby DENIED. Judgement will enter for Defendant.

    SO ORDERED.

        S/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

Dated:  February 24, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on February 24, 2006, by electronic and/or ordinary mail.

        S/Josephine Chaffee
        Secretary/Deputy Clerk